417 P.2d 120

**ROCKET MINING CORPORATION and Pioneer Carissa Gold Mines, Inc., Plaintiffs and Respondents and Cross Appellant,**

v.

**Rulon J. GILL and A. M. Billis, Defendants and Appellants.**

**No. 10467.**

Supreme Court of Utah.

July 27, 1966.

Pugsley, Hayes, Rampton & Watkiss, David K. Watkiss, Salt Lake City, for appellants.

Gordon I. Hyde, Salt Lake City, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment in a case tried to the court, for 1) return of salaries paid to officers of the corporation by resolution of its board and for 2) an accounting for sale of properties in a similar resolution. The trial court's summary judgment on motion is affirmed, with no costs awarded.

There is a sea of motions, demands, claims, counterclaims and plenty of innuendoes on each side as to the perjurial aptitude of the other, punctuated by a little invective in this case, reflected in a protracted record. Uranium was the subject of this litigation, but a desire for large profits during a burgeoning uranium boom seems to be the cornerstone that brought these people here. The two principal defendants promoted and organized a uranium corporation. A number of relatives were joiners in the venture. As was commonplace during the 50s, uranium was the divining rod that supposedly would bring in a gold flowing well. As was usual a corporation was formed, and the take mutually was to be consumed by a close-knit group.

Under our statute certain conditions were imposed by the Securities Commissioner before an issue of stock could be floated. One was that:

"No salaries or other compensation shall be paid directly or indirectly to officers, directors or promoters of issuer, other than Secretary-Treasurer, who will receive $75 per month, until issuer's mining operations are on a paying basis."

The stock sale produced only $30,000. The stock was reduced in price from 5¢ to 1¢. The organizers who apparently made an effort to save a withering rose-bud, having absolute control of the corporation, and without notice to stockholders, voted salaries to the president and to the manager of the corporation, amounting to $8400 and $9000 respectively to those officers.

One cannot read the record in this case, read the briefs or hear the oral argument, without concluding that the promoters, facing a dying venture, induced a controlled board of directors to bail them out at least partially, by voting the salaries mentioned. This, of course came naturally,—but at the expense of unsuspecting and un-notified stockholders, and we think the trial court sensed this and decided that these salaries should be returned to the plaintiff as not being in keeping with the pact made with the Securities Commission.

The upshot: Plaintiffs got that to which they were entitled under Count 1, in view of the fact that defendants tried to cut under their signed statement to take no salaries until the mining operations were on a paying basis. A finding was made on facts adduced as to Count 1. On the other hand, plaintiffs cannot then ask in Count 3 $1,330,000 damages on an abortive cross-appeal for relief on facts heretofore not fully determined, as was the case in Count 1, the only matter on appeal here. There would have to be a determination of the facts under Count 3, pertinent thereto at a hearing.

Other various points and counterpoints raised by the parties seem to us to be hyper-technical and need no extensive treatment here. The fact that defendants rely heavily on the great amount of work they did to support their salary claims does not absolve them from their promise not to take salaries before profits. This Count 1 best can be interred with the remains of the uranium rush of the 50s that created it.

We think the trial court did a good, fair job of separating the sheep from the goats, and the applicable legal principles from the sea of motions, demands, claims, counterclaims, accusations of more than slight invective extant in the record,—and we so hold.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

WADE, J., heard the arguments, but died before the opinion was filed.